LUCKENBACH TERMINALS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, DEFENDANT.

Argued October 2, 1940—Decided October 23, 1940.

Before Justices BODINE and PORTER.

For the prosecutor, *Clarence Kelsey*.

For the defendant, *Nicholas S. Schloeder*.

PER CURIAM.

In 1933, the township of North Bergen apportioned taxes upon petitioner's lands pursuant to the provisions of *N. J. S. A.* 54:7-1, *et seq.* Amended tax bills for the years 1931, 1932 and 1933 were issued. The taxes being unpaid, the lands were sold for taxes September 12th, 1935. A bill in Chancery has been pending for sometime to foreclose the prosecutor. At the last minute before tolled by the statute (*N. J. S. A.* 54:5-103), the present rule was obtained.

In a case under the same title reported in 118 *N. J. L.* 348, prosecutor sought to assail the apportionment of taxes in so far as it affected the sale on September 12th, 1935, of certain of its lands in the defendant township. This court then decided that the writ would not go generally because of prosecutor's laches. The passage of three years since has not improved the situation.

The writ is now sought because it is said that *N. J. S. A.* 54:7-1, *et seq.*, is repugnant to the due process and equal protection clauses in the federal constitution.

Prosecutor sought to raise these questions in a Chancery proceeding, but failed because they were cognizable only at law. *Luckenbach Terminals* v. *North Bergen Township,* 125 *N. J. Eq.* 562; *Luckenbach Terminals* v. *Township of North Bergen et al.,* 127 *Id.* 93.

It appears from the opinion in the Supreme Court, 118 *N. J. L.* 348, that although the prosecutor had notice in 1934 of the apportionment of taxes as made under the allegedly unconstitutional statute it never questioned the same, or the proceeding thereunder, until after the sale in 1935 of its property. This court ruled in 1937 that the application for *certiorari* was too late. The opinion of the Court of Errors and Appeals holding that the Court of Chancery could not entertain the questions raised as to validity of the apportionment proceeding in question was filed January 25th, 1940. More than six months later this court was sought in order

that it might review an apportionment proceeding of seven years standing of which the prosecutor had had six years' notice during the first three years of which time it did nothing. It has never been suggested before that laches in asserting a right is cured by further delay.

The writ will be denied.